Campbell, Chief Justice,
delivered the opinion of the court:
This case was submitted to the court upon the plaintiff’s motion for judgment in accordance with the mandate pf the Supreme Court of the United States. The judgment of *647 this court was that the petition be dismissed. A writ of certiorari was granted by the Supreme Court and from the mandate it appears as follows:
“This cause having been called to the attention of the court by Mr. Solicitor General Mitchell, of counsel for the appellee, and he having confessed error and moved the court to reverse the judgment of the Court of Claims in this cause,
“ Therefore, in pursuance of said motion, it is now here ordered and adjudged by this court that the judgment of the said Court of Claims, in this cause, be, and the same is hereby, reversed;
“And it is further ordered that this cause be and the same is hereby remanded to the Court of Claims for further proceedings.”
The case was tried upon a stipulation of facts which this •court considered insufficient, but the cause having been reversed it only remains to obey the mandate by awarding judgment.
We think it proper, because of other cases, to say that the jurisdiction of the Court of Claims in this class of cases grows out of the statute providing for a refund of taxes by the Commissioner of Internal Revenue where they have been erroneously or illegally collected, and since the decision of the case by this court in December, 1925, 61 C. Cls. 36B, the revenue act of 1926, 44 Stat-., 9, 113, has been passed, which, among other things, provides:
“ Sec. 1108. (a) The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy, but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax.”
The effect, if any, of this act upon the right of a party, except in the instant case, to a refund of all taxes paid after the bar of the statute has fallen is a question not concluded by the judgment herein.
Moss, Judge; GRAham, Judge; Hat, Judge; and Booth, Judge, concur.